The final case for argument this morning is 13-71-21, Holland v. Gibson. Mr. Bachrach, whenever you're ready. Thank you. Members of the panel, excuse me, I'm Al Bachrach and I'm here arguing for Mr. Holland. We're not challenging the factual findings of the BVA. We're not asking you to look at the regulation and apply it to the facts and come to a different conclusion than the BVA. So what's the legal argument? What's the legal issue which you're disputing? We think the legal issue is that 3.304 F sub 5 establishes the stressor itself. That is, under the regulation, the medical record in this case, Mr. Holland's treatment by the Gainesville VA Hospital for PTSD arising out of military sexual trauma for a period of 10 years before this decision was made, establishes clearly that the stressor, the military sexual trauma exists. You're saying the report by the physician? No, I'm saying the treating physician. The treating physician? Yes, Dr. Berg. You're saying that that report in itself establishes that the stressor occurred? The report establishes the stressor occurred, which changes the entire analysis of how the case should have been looked at by the BVA. The BVA's logic is much more circular than mine, at least. My logic is pretty straightforward. The purpose of this regulation is not to establish PTSD, which this court actually has already ruled on, but to establish the existence of the stressor. It's important to remember that as a subset of anxiety, PTSD requires the stressor incident. I guess I'm getting more confused. Maybe that's my fault rather than yours. I'm still at the threshold question of whether or not we have jurisdiction. I am trying to tease out not the evaluation of the facts or the facts in this case, but really what the heart of the legal issue that you're presenting to this court is. What was the legal error that the court committed? The legal error that the court committed, based on the legal error that the BVA committed, is to not accept as an evidentiary fact that the stressor occurred. Does this go to the Menengazi thing? Are you saying that the court, the CAVC or the BVA, refused to rely at all on a medical opinion that was based on his own self-reporting? Is that the issue? What I didn't understand or what I don't appreciate is I think our case law, Menengazi, says that you are permitted to rely on it. I think the BVA and the CAVC here didn't say you absolutely can't use it at all. They just didn't think it was sufficient as a factual matter. If that's the way this case went down, then I don't see how we have jurisdiction. Why don't you tell me why I'm wrong? I wouldn't say wrong because you're my panel, but I think a better interpretation, even of Menengazi that you wrote, is that that regulation takes the place of the contemporaneous evidence in the military file that the trauma exists. Are you saying that this report should have been conclusive and that was the error of the BVA and the CAVC because they didn't say this is it, case over, you win? No. I wish that were true, but that's not actually my point. My point is that... What was their error? Their error is that it's conclusive that the stressor exists. So then you get into a different PTSD analogy. So your view is if there's a medical report, no matter how credible or not, saying a stressor occurred under the regulation, it has to be accepted? Pretty close. I'm saying that... How is that consistent with Menengazi? Doesn't it suggest that these are acceptable forms of evidence, but they're not dispositive forms of evidence? Well, the unfortunate factual difference, not arguing the facts of my case, but the Menengazi in this case. The Menengazi, it was in fact the compensation exam that produced the evidence of whether or not she experienced sexual trauma while she was in the military. This case is entirely different because the agency, the VA, has been treating this veteran for PTSD arising out of military sexual trauma for a decade. That lets, in this case, that lets the lawyers at the BVA level override the clinical judgment of their specialist in sexual trauma PTSD in the Gainesville Hospital and say, well... I'm not saying that there was a trauma because she's being treated for PTSD from the trauma. But the problem I see is that the board rejected that as a piece of evidence and found it not probative, or maybe not. It rejected it as a dispositive piece of evidence. And isn't that a factual finding, that that evidence is insufficient to support the finding of a stressor? You disagree with it. No, I'm trying to not disagree, but I disagree. No, because what this case demonstrates is the ability of the BVA to disregard the evidence based on a one-time interaction between the veteran and an examining physician for the issue of PTSD. But that examination, just know why I say this is a catch-22 for the veteran. That examination is inconclusive from the BVA's point of view because the examining doctor says, well, I don't know that there's a stressor. But we do know that there's a stressor because he's being treated at that point for 10 years for sexual trauma and PTSD arising from that. It's simply logically not in anybody's ability to weigh evidence and disregard the evidence of 10 years linear treatment by the VA at a hospital because you run into one doctor who says, well, I don't know whether it's true or not. How would you articulate the legal error here? Because it really does sound to me like you're arguing weighing the evidence and what evidence. So, again, just to where we started. The legal error is to subject the opinion of the treating physician with regard to the establishment of causation as if it were a simple evidentiary proposition. As if the issue under subsection 5, F sub 5, was really just a rebuttable presumption. But it's not in the case of treatment. When a veteran is... Excuse me, but your time is fleeting, so to speak. I read the first sentence in the argument portion of your brief says, this case demonstrates why this court should adopt the dissenting opinion in Menegassi versus Shinseki. I understand you to be saying that the veterans court followed Menegassi here and Menegassi is wrong. Is that what you're saying? Because you're saying we should adopt the dissenting opinion in Menegassi. That means that you think Menegassi was wrongly decided, correct? Menegassi was wrongly decided to the extent that the court went on after making its legal analysis to apply the harmless error standard to this kind of case. Because it leads to this case. I'm here because both the BJA and the veterans court now know. Let me ask you this. Do you think the Court of Appeals for Veterans Claims followed Menegassi majority? It was bound by Menegassi. No, I don't think either the BJA or the Court of Veterans Claims followed Menegassi the way that this court wrote the decision. How did it deviate from Menegassi? By failing to appreciate that subsection F5 replaces other evidence with regard to proof of the actual incident that gives rise to the PTSD. But it seems like if you read the opinion that the court, both the board and the court did what is spelled out in Menegassi. I don't think they – no. I mean I understand how it reads. But then why are you telling us to not follow Menegassi? Oh, not the – not the logic. You're saying Menegassi was wrongly decided. Well, wrongly decided because the conclusion of the majority of the panel in Menegassi was that having reached the legal conclusion, it's still susceptible to the harmless error review of federal appellate court. This can't ever be harmless error. To not take into account a sexually abused veteran initiating event triggering their PTSD isn't harmless error. But you seem to be saying more than that. You say that under – without this court adopting the dissenting opinion of Judge Dike in Menegassi, the BVA has carte blanche to ignore the post-service expert opinion of mental health professionals. Yes, exactly what happened in my case. No, but they didn't ignore it. They found it not to be dispositive. Look, I – if the BVA had said we're not taking into account this record, this treatment record, that would be contrary to Menegassi. It would be contrary to F5, right? Absolutely. Clearly. But that's not your argument, is it? They looked at it and they said we see this, but we don't think it's good enough to establish a stressor as a matter of fact. Isn't that what they said? Yes. And what's – I mean, I know you agree with that as a factual finding. I could agree with that as a factual finding, too, but that's not what we get to review. So what's the legal error in that? The legal error is that it's – that that subsection is not subject to the kind of balancing that the BVA – Okay. I see where you're getting, but can you actually point me to anywhere in F5 that it says that? I mean, I looked at it, and what it seems to say is that there are other types of evidence that support the establishment of a stressor other than a veteran's service record, and then it gives a long list of examples of that. But it doesn't suggest that those examples are dispositive once produced. They're just examples of evidence that could establish a stressor, not that they do establish a stressor. Well, it's true that it doesn't say shall establish. It says may be used to establish kind of thing. But I think as this Court deals with English construction all the time, I think that may, in front of a list of ways to do it, simply is the may of alternatives, that you can do it this way or you may do it this way or you may do it that way, not that the actual establishment of the evidence is subject to challenge then by the BVA, not on the expert's opinion that the stressor occurred, but on the BVA's second-level analysis, that they're better at diagnosing veterans than the psychiatrist is, and that the psychiatrist only assumes that they have all of the correct evidence, and that when we look at the evidence and we see conflicts between, he said, November one time and June another time, we know he's lying, as if psychiatrists are so stupid that every time a patient comes in and talks to their psychiatrist, the psychiatrist goes, oh, that's amazing. That's just amazing. That's not a doctor-patient relationship. The BVA's position, which is okayed by the Court of Veterans' Appeals, is that they, as the BVA, have the ability not to challenge the expert opinion with another expert opinion. I probably wouldn't have a case because I think they probably can do that, but they can't challenge an expert opinion from their own doctors that the stressor occurred because they don't like the conclusion of the doctor that the stressor occurred. You're well into your rebuttal, so why don't we hear from the government? Thank you, Your Honor. May it please the Court. This case does ultimately turn upon the board's weighing of the evidence, a matter which this court does not possess jurisdiction to review. To the extent that the claimant has asserted legal error, it is clear from review of the board's opinion that they did not accept, or conclusively rather reject, the 2009 letter. Doesn't Mr. Bacowick seem to be saying that Meneghi thinks, seems to be saying that in his view, Meneghasi was wrongly decided? I mean, it seems to me the board followed Meneghasi. Yes. And the court followed Meneghasi, as it was bound to do. If it followed Meneghasi, then he's arguing a legal error that Meneghasi was wrongly decided. And I would agree, and I would also say that Meneghasi, whether you're reading the majority opinion or even the dissent, there does seem to be agreement that the board can weigh the evidence. The disagreement in Meneghasi seems to be over whether the board actually did weigh the evidence, whether we had a harmless error in that particular case. And here they weighed the evidence. You have them describing it. They don't simply reject out of hand. They describe the 2009 letter as having low probative value and then proceed to back up why they actually reached that conclusion. The factual inconsistencies that they found, as well as assertions that are otherwise rebutted in the record. Well, assuming that's true, so maybe, I mean, we're all trying to figure out what the legal issue, if there exists one, is. So what about the argument that, at least your friend's viewpoint, is that in the absence of other inconsistent medical documentation, the board is compelled to accept this? Do you understand that to be his argument? And if so, what's the problem with that? To the extent that that's the argument, I would say that, first of all, the regulation says these are types of evidence that may collaborate. So it doesn't provide that any particular piece of evidence is conclusive. That's also contrary to the board's general function, which is weighing the evidence. That's put before it. In some cases, and we do know from the regulations, that in the absence of contrary evidence, there are cases where a psychiatrist's report may ultimately be sufficient to establish the stressor and serve as cooperation. This case is different, of course, because we have different psychiatrists who've reached different opinions. Ultimately, the claimant places great weight upon the role of the particular psychiatrist, but that's weighing the evidence. Suppose, hypothetically, and I understand you don't think this is the case, and I don't think it's probably the factual case either, but you do have this patient who has been treated for a decade for PTSD, and all along the VA's own psychiatrists have treated it and understood it to be as a result of military sexual trauma. And that's the only evidence in the record that exists about the cause of PTSD and the stressor and the like. And the board just, when it gets to that, decides we don't find that evidence compelling and rejects it. Is there, at some point, does that factual conclusion turn into error as a matter of law? Because they have so completely rejected this evidence that they're essentially violating Midegasi by saying, you know, they're not saying it outright that they're not going to accept that evidence, but they're essentially rejecting it without, you know, any valid reason. I would find it very hard to find a circumstance which that would be an error of law. I mean, I think they would have a problem at the Veterans Court in terms of ultimately having an adequate reasons and basis for their conclusion. Or it could be a clear error of fact-finding, probably. But at the end of the day, I think it's very hard for that to reach a level. You know, that said, you know, that circumstance doesn't seem to be generally what the regulations would contemplate. They do contemplate that, and we do assume that, of course, the board will be acting in good faith. I do. I'm not accusing the VA of anything. I do sense that what your colleague is getting at is that potentially the way this is set up is even though you have F-5 that allows these other types of treatment records to come in to establish a stressor, the way that Midegasi interprets that regulation would allow the VA to basically ignore all that evidence and say, we're just making a factual finding. And then that's unreviewable, at least at this court. I understand it would probably be reviewable at the Veterans Court. But that seems a little bit problematic to me if they can just, as a matter of course, couch their things in factual findings to try to evade our review. Well, I mean, you know, if they are actually not engaged in fact-finding, of course, the court would have jurisdiction. But, you know, ultimately, this would be a matter of fact-finding. It is a matter ultimately of balancing it out. I understand the concern. And I would say that concern is mitigated by the overall presumptions we have of good faith, that they would not try to disguise a legal conclusion as a factual conclusion. But at the end of the day, you know, this court does have the capacity to determine and has in certain instances that something that sounds like a legal conclusion or it sounds like a factual conclusion is a legal conclusion. That isn't the case here at all. But, you know, if the evidence supported ultimately the conclusion that even though this is couched as a factual conclusion, it really is a legal conclusion, this court has taken jurisdiction in those cases. You know, that's not at all the case here. I mean, it's quite clear that they were ultimately weighing the evidence and that there is no error in their determination. The only other point I briefly wanted to also touch upon is also note that while we focused on the occurrence of the stressor, I mean, there also was no service connection determined. And so at the end of the day, even if there is a stressor to be determined and there is an error, a legal error in that determination, they did ultimately also determine that there's no service connection given the 20 some odd plus year gap in time between the occurrence of the symptoms at issue and ultimately his military service. Unless there are further questions for those reasons and the reasons set forth in our brief, we respectfully request that the court affirm the decision of Veterans Court. Thank you, Your Honor. I believe that further argument that this is in fact a legal issue is that the BVA's reading of the regulation allows them, and I said earlier, to apply circular logic to the case. They use the examining doctor's inability to make a determination as the causation as the reason to disregard the F5 information in the record with regard to the treatment relation between Mr. Holland and Dr. Burke. That is to say that... Did you make a reasons and basis argument to the Veterans Court on that point? Probably not. I admit to amateur error in the Veterans Court. I assumed that this was so obvious that a court looking at this case and seeing how the evidence was developed and looking at the regulation would say that you can't do this. But I was wrong. I guess there's a plethora of famous lawyer stories where people just assume that other people, appellate courts for example, see what they're seeing. But what I see here is that this is in fact a legal issue. And the legal issue is whether or not the BVA can get around the regulation that exists for the protection of veterans by using the evidence that someone else doesn't know anything about the veterans to then refute the fact that the treating physician at the VA has an opinion that this is an in-service sexual trauma. The 20 years is... And you're saying it's Menegossi that allows the BVA to do that. Yes, Menegossi does allow the BVA to do that because... So then you're saying Menegossi was wrongly decided. Yes. Menegossi is wrongly decided to the extent that it allows the BVA the latitude to not use the regulation the way it's intended to protect veterans and to establish claims. The purpose of the regulation is to establish claims. The appellate said just a moment ago, this didn't occur in service and it was 20 years ago. So in order to establish things that long happened to go, there are a series of veterans regulations that allow buddy statements to establish PTSD for claimants that served in Vietnam and so forth. Remembering that this is administrative law and that evidentiary standards are somewhat more flexible than a trial in district court. The purpose of these regulations is to get these cases a fair hearing before the BVA. If Congress and or the Veterans Administration... Your time is running out. Do you want to give us one final thought? I would say that, yes, the BVA under Menegossi gets to use fact-finding to avoid review by this court considering the very limited jurisdiction that Congress gave you with regard to these matters. Thank you. Thanks, both counsel. The case is submitted. That concludes our proceedings for today. All rise. The honorable court is adjourned for today's hearing.